UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

AARON L. JACOBS, JR.,

                      Plaintiff,

v.                                                   Case No. 16-cv-246-pp

SHERIFF GOSSAGE, DEPUTY T. DELAIN,
CAPTAIN L. MALCOMSON, CO SICKLE,
KIM WOULF, CINDY LINK,
and KAREN ELLMAN,

                      Defendants.

---

**DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION (DKT. NO. 2), GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* (DKT. NO. 6), SCREENING PLAINTIFF'S COMPLAINT (DKT. NO. 1), AND DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT BY JULY 8, 2016**

---

The *pro se* plaintiff, Aaron L. Jacobs, Jr., is confined at the Brown County Jail. He filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his constitutional rights. The plaintiff also filed a motion for temporary restraining order and preliminary injunction. Dkt. No. 2. In this order, the court grants the plaintiff's motion to proceed *in forma pauperis*, screens the plaintiff's complaint, and denies the plaintiff's motion for temporary restraining order and preliminary injunction.

I.    <u>MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*</u>

The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. That law allows a court to give an incarcerated plaintiff the ability to proceed with his lawsuit

without pre-paying the civil case-filing fee, as long as he meets certain conditions. One of those conditions is a requirement that the plaintiff pay an initial partial filing fee. 28 U.S.C. §1915(b). Once the plaintiff pays the initial partial filing fee, the court may allow the plaintiff to pay the balance of the $350.00 filing fee over time through deductions from his prisoner account. Id.

On March 16, 2016, the court issued an order requiring the plaintiff to pay an initial partial filing fee of $29.56. Dkt. No. 12. The plaintiff paid that fee on April 5, 2016. Accordingly, the court will grant the plaintiff's motion for leave to proceed without pre-paying the filing fee and allow the plaintiff to pay the balance of the $350.00 filing fee over time from his inmate account, as described at the end of this order.

## II. SCREENING OF THE PLAINTIFF'S COMPLAINT

The law allows a court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint, or a part of it, if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual

2

contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff shall provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The plaintiff need not plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in Twombly. First, the court should "identify[] pleadings that, because they are no more than conclusions, are not entitled to the

3

assumption of truth." Iqbal, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. Id. If there are well-pleaded factual allegations, the court then must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. Buchanan-Moore v. Cnty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Vill. of N. Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court must give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

A.  Allegations in the Complaint

The plaintiff is confined at the Brown County Jail. Dkt. No. 1 at 1. The defendants are: Sheriff J. Gossage; Deputy T. Delain; Captain L. Malcomson; CO Sickle; Kim Woulf; Cindy Link; and Karen Ellman. Id.

The plaintiff challenges the Brown County Jail's policy which provides that, "if an inmate is released prior to the completion of his/her punitive sentence and later re-incarcerated at the Brown County Jail, he/she will serve the remainder of the disciplinary sentence." Dkt. No. 1 at 2-3. Going back to May 31, 2011, the plaintiff cites to nine separate instances in which, upon being booked into the Jail, staff placed him in "punitive segregation and loss of

4

recreation all without committing Jail rule infractions nor afforded any due process."[1] Dkt. No. 1 at 3. According to the plaintiff, the segregation placements all were based on punitive sanctions "from a previous stay." Id. The plaintiff describes punitive segregation and loss of recreation as follows:

> Punitive Segregation Unit in Fox Pod is utilized for Inmates who commit jail rule violations and are being sanctioned therein for such. If an inmate is sanctioned to punitive segregation said inmate is segregated from general-population and highly restricted in jail privileges and activities such as: He/she is placed on 23 hour lock down, and restricted from visits, phone calls, commissary, newspapers, photographs, magazines, sheets, razors, nail clippers, clocks, mops, board games, cards, law library access, TV, radio, and Huber. The plaintiff is automatically denied the above when subjected to the policy set forth in 1 supra. of the complaint.
>
> Loss of recreation is 24 hour lockdown on punitive segregation status.

Dkt. No. 1 at 5.

The plaintiff claims that the Jail's policy violates his due process rights under the Fourteenth Amendment, because it results in his being placed in segregation without a hearing. He seeks compensatory and punitive damages, declaratory relief, and injunctive relief (including abolishment of the offending policy).

B. Discussion

"A pretrial detainee cannot be placed in segregation as a punishment for a disciplinary infraction without notice and an opportunity to be heard; due process requires no less." Higgs v. Carver, 286 F.3d 437, 438 (7th Cir. 2002).

---

[1] In seven of these bookings, the plaintiff was a pretrial detainee; in two of them, he was a convicted prisoner.

5

In addition, convicted prisoners have a liberty interest in remaining free from segregation that imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Hardaway v. Meyerhoff, 734 F.3d 740, 743 (7th Cir. 2013) (quoting Sandin v. Conner, 515 U.S. 472, 484 (1995)).

Here, the plaintiff does not allege that the Jail did not provide him with notice and an opportunity to be heard regarding his original punitive segregation disposition(s). Rather, he alleges that in cases where he didn't finish serving segregation sanctions before being released, the Jail required him to finish out those sanctions the next time he got booked into the Jail. The plaintiff appears to argue that, even though he had a hearing when the Jail first imposed the segregation sanction, he is entitled either to *another* hearing before he can finish serving the sanction upon re-booking, *or* the fact that he was released from serving the full segregation sanction before being released means he doesn't have to serve the balance of the sanction if he gets re-booked. The court disagrees. Due process requires that the Jail give the plaintiff notice and the opportunity to be heard before it imposes the sanction in the first place. It does not require that if he is fortunate enough to be released before he's served his full segregation sanction, and then unfortunate enough to go back to the Jail, the Jail has to give him another hearing before it can make him finish serving the sanction it already imposed.

In addition, while the plaintiff has described the punitive conditions that result from being confined to segregation at the Jail, he has not told the court

6

how long he was confined in segregation—neither how long his initial segregation (or sanctions) were, nor how long he actually ended up serving. See Hardaway v. Meyerhoff, 734 F.3d at 743 (whether inmate has liberty interest in avoiding administrative confinement requires knowing the duration and conditions of administrative confinement). The complaint indicates that the plaintiff was booked on May 31, 2011; June 16, 2011; October 13, 2011 (by which time he had been brought in from prison on a writ); April 15, 2013 (as a pretrial detainee for presumably a different case); August 29, 2013; December 22, 2014 (again, as a pre-trial detainee on presumably yet another case); March 19, 2015 (again, brought in on a writ from a prison); and January 21, 2016 (as a pre-trial detainee again). But he does not explain how long he was in segregation on each of these occasions—a couple of days? A week? While the Supreme Court has held that being in segregation for too long may violate a plaintiff's liberty interests, it is impossible to tell if the plaintiff has such a claim because he gives no indication of how long he was in segregation each time.

It is also clear that the plaintiff is bringing a challenge to the Jail's policy. He does not, however, allege that any of the individual defendants personally took some action that deprived him of a constitutional right. See Alejo v. Heller, 328 F.3d 930, 936 (7th Cir. 2003) (commenting that §1983 defendant must have personally participated in constitutional deprivation); Perkins v. Lawson, 312 F.3d 872, 875 (7th Cir. 2002) (noting that there is no §1983 *respondeat superior* liability).

7

If the plaintiff wants to proceed, he must file an amended complaint which (a) why he believes he is entitled to a new hearing before being required to finish an old segregation sanction; (b) how long he spent in segregation on each occasion; and (c) what, if anything, each individual defendant did to violate his constitutional rights.

If the plaintiff chooses to proceed with his case, he must file that amended complaint in time for the court to receive it on or before **July 8, 2016**. If the plaintiff does not file an amended complaint by July 8, 2016, the court may dismiss his complaint for failure to state a claim.

The plaintiff must put the docket number assigned to this case on the amended complaint, and must label it "Amended Complaint." The amended complaint will take the place of the prior complaint, and must be complete in itself without reference to the original complaint. See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84, 133 F.3d 1054, 1056-57 (7th Cir. 1998). In other words, the plaintiff can't file a document saying, "Here's what I want to add." He has to put everything he wishes to allege—including information from his original complaint—in the amended complaint. If the plaintiff files an amended complaint, the court will screen it pursuant to 28 U.S.C. §1915A.

### III. Motion for Preliminary Injunction and Temporary Restraining Order

Along with his complaint, the plaintiff filed a motion for preliminary injunction and temporary restraining order "to ensure his rights are restored." Dkt. No. 2 at 1. In this filing, the plaintiff asserted that the challenged Jail policy allows him to be punished with punitive segregation and loss of

8

Case 2:16-cv-00246-PP   Filed 06/09/16   Page 8 of 12   Document 15

recreation "all without being afforded any due process protections." Id. He goes on to state that upon "being booked into the jail officers informed plaintiff per policy he owes 851 days punitive segregation and 141 days loss of recreation yet to serve and he was transferred to Fox Pod Segregation Unit to serve said sanctions." Dkt. No. 2 at 2.

The plaintiff cites to his attached exhibits, which include multiple grievances that he has filed about the Jail's policy, as well as several Jail "Grievance Findings Reports" that address his grievances. Dkt. No. 2-1. The Grievance Findings Report dated September 5, 2013 states, in relevant part:

> Mr. Jacobs, you have grieved this issue several times before. The policy of the Jail has not changed. Punitive time is not expunged when you are released and you will serve the balance of it if/whenever you return. You have already gone through the due process proceedings for the conducts for which you have punitive time.

Dkt. No. 2-1 at 22. The Grievance Findings Report dated March 25, 2015, states in relevant part:

> Inmate Jacobs,
>
> I have reviewed grievance #00-000-7683. You were released on 03/16/2015, you still owed 872 days of punitive segregation and 163 days loss of recreation. You returned to our facility on 03/18/2015, your punitive time can stay active for up to 5 years from your date of release from our facility. You were out of our facility for only 2 days. You will complete the current punitive segregation and loss of recreation days you owed while you are in our facility. I find this grievance unfounded and closed.

Dkt. No. 2-1 at 37. The Grievance Findings Report dated January 28, 2016, states in relevant part:

> Inmate Jacobs:

9

> I have reviewed your grievance. You returned to the facility on 01/21/2016, at which time you owed 851 days of punitive segregation and 141 days loss of recreation due to previous major violations. Your due process was handled with each of your previous conducts which resulted in your current punitive segregation and loss of recreation time. You are not entitled to more due process on your previous major violations. As long as your behavior remains good, we will look at punitive segregation reduction for you. If you wish to appeal this response you will need to file another grievance. I find this grievance unfounded and closed.

Dkt. No. 2-1 at 40.

On May 16, 2016, the plaintiff filed an additional brief in support of his request for injunctive relief. Dkt. No. 13. This brief consists of citations to several cases which all deal in some way or other with individuals who were placed in segregation. All but one of these cases were issued by courts outside the Seventh Circuit, and are not binding on this court. None of them are cases about preliminary injunctions; most appear to involve lawsuits filed by incarcerated plaintiffs who argue either that the conditions of their confinement violated the Eighth Amendment, or that they were being segregated solely because they were mentally ill. The plaintiff has not made either of those claims; these cases do not apply.

To obtain preliminary injunctive relief, whether through a temporary restraining order or preliminary injunction, the plaintiff must show that (1) his underlying case has some likelihood of success on the merits, (2) no adequate remedy at law exists, and (3) he will suffer irreparable harm without the injunction. Woods v. Buss, 496 F.3d 620, 622 (7th Cir. 2007). If he is able to show those three facts, the court then moves on to balance the harm to each

10

party and to the public interest from granting or denying the injunction. Id.; Korte v. Sebelius, 735 F.3d 654, 665 (7th Cir. 2013); Cooper v. Salazar, 196 F.3d 809, 813 (7th Cir. 1999).

As the court's discussion above indicates, at this point, the plaintiff has not shown that his underlying case has some likelihood of success on the merits. Because he has not met this initial requirement, the court will deny the plaintiff's motion for injunctive relief.

## IV. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed *in forma pauperis.* Dkt. No. 6.

The court **DENIES** the plaintiff's motion for temporary restraining order and preliminary injunction. Dkt. No. 2. The court **DENIES** the plaintiff's motion for a temporary restraining order. Dkt. No. 2

The court **ORDERS** that, by **July 8, 2016**, the plaintiff shall file an amended complaint, addressing the issues the court raises above.

The court **ORDERS** that the Brown County Sheriff shall collect from the plaintiff's prisoner trust account the $320.44 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The Sheriff shall identify the payments by the case name and number assigned to this case.

11

The court will send a copy of this order to the Brown County Sheriff.

The court **ORDERS** that the plaintiff shall submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The court also advises the plaintiff that failure to file documents, like the amended complaint, on time may result in the dismissal of this case for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated in Milwaukee, Wisconsin this 8th day of June, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge