# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

AARON L. JACOBS, JR.,

        Plaintiff,

v.                                                       **Case No. 16-cv-246-pp**

SHERIFF GOSSAGE, N. DEQUAINE,
LT. S. TIMRECK, J. SICKEL, and
BROWN COUNTY,

        Defendants.

---

## DECISION AND ORDER SCREENING AMENDED COMPLAINT (DKT. NO. 16), AND ALLOWING PLAINTIFF TO FILE A SECOND AMENDED COMPLAINT

---

        The plaintiff, Aaron L. Jacobs, Jr., who is confined at the Brown County Jail ("Jail"), is representing himself. He filed a complaint challenging the Jail's policy that allows "stacking" of disciplinary segregation and loss of recreation dispositions, and the Jail's policy that the dispositions carry over when the plaintiff is released and subsequently reenters the Jail. Dkt No. 1. On June 9, 2016, the court screened the complaint. Dkt. No. 15. The court determined that the plaintiff could not proceed on the original complaint because due process did not require a second disciplinary hearing once he already had one, because he did not state how long he was confined in segregation, and because to the extent that he challenged the Jail's policy, the plaintiff did not allege that any of the individual defendants personally took action that deprived him of a constitutional right. Id. at 6-7. The court directed that if the plaintiff wanted to proceed, he should file an amended complaint addressing, (a) why he believes

1

he is entitled to a new hearing before being required to finish an old segregation sanction; (b) how long he spent in segregation on each occasion; and (c) what, if anything, each individual defendant did to violate his constitutional rights. Id. at 8.

On June 20, 2016, the plaintiff filed an amended complaint. Dkt. No. 16. The court will now screen the amended complaint under 28 U.S.C. §1915A.

## I. Amended Complaint Allegations

The amended complaint names the following defendants: Brown County, Sheriff J. Gossage, J. Sickel, Cpl. N. Dequaine, and Lt. S. Timreck. Dkt. No. 16 at 1. The plaintiff alleges that he is a mentally-ill pretrial detainee and that he booked into the Jail on January 20, 2016. Id. at 2. According to the plaintiff, because he entered the Jail on new charges, "by law [he] was not held to be punished but only detained to ensure his presence at trial[.]" Id. The plaintiff alleges that pursuant to the Jail's Policy 12d-5(g), which Sheriff Gossage implemented, he was placed in punitive segregation and notified that he "owes" 851 days of punitive segregation and 141 days "loss of recreation/24 hour lockdown," from previous stays at the jail. Id.[1]

The plaintiff filed a grievance on the matter. Id. Defendant Cpl. N. Dequaine dismissed the grievance as unfounded. Id. The plaintiff appealed, and defendant Lt. S. Timreck upheld Dequaine's decision. Id. As a result, the plaintiff, "a mentally ill pretrial detainee[,] is forced to endure for 851 days

---

[1] The "unlawful Brown County Sheriff's Department Jail Division Policy 12d-5(g)," reads: "If an inmate is released prior to the completion of his/her punitive sentence and later reincarcerated at the Brown County Jail, he/she will serve the remainder of the disciplinary sentence." Dkt. No. 16 at 2.

2

harshly, restrictive, cruel, unusual conditions of confinement which presently inflict mental anguish and cause the exacerbation of plaintiff's pre-existing mental illness." Id.

Next, the plaintiff alleges that since January 20, 2016, he has been forced to endure the complete denial of the following: family visitation and outgoing phone calls; commissary; newspapers and magazines; bed sheets; razors and indigent haircuts/beard trims; nail clippers; clocks; board games and playing cards; television and radio; and schooling, Huber, and jail law library access. Id. at 2-3. The plaintiff asserts that these harshly restrictive conditions, coupled with the long durations of the confinement, "cause the mental anguish and exacerbation of plaintiff's pre-existing mental illness as so far the plaintiff has currently been forced to endure since January 20, 2016, a total of 147 days and counting because plaintiff's current punitive segregation release date is September 15, 2018." Id. at 3. In addition, the plaintiff alleges that as a result of the long duration of excessive harshly restrictive conditions of confinement, he has suffered the following mental anguish and physical injuries:

> internal stimuli, hallucinations, voices, suicidal and homicidal ideations, major depression, anxiety attacks, helpless and hopelessness, angry "black-out" episodes, self-harm, ankle surgery aches, leg and muscle aches, stomach aches and cramps, lethargy, back acne from sleeping on the mattress with no sheets, scalp boils from deprivation of shampoo, loss of familial and friendly ties, loss of appetite, constipation, diarrhea, headaches.

Id.

Finally, the plaintiff alleges that the Jail has a policy to reject mail and publications without giving the inmate a chance to review and challenge the rejected material. Id. The plaintiff alleges that "mail addressed to [him] was rejected and returned to sender" on June 6, 2013; June 13, 2013; February 25, 2014; February 27, 2014; and January 9, 2015. Id. at 4. He was not allowed to view or challenge the rejected mail. Id.

The plaintiff claims that the defendants violated his rights under the First, Eighth, and Fourteenth Amendments by enforcing Policy 12d-5(g).

> [T]he Policy 12d-5(g) allows a person, and in this case the Plaintiff, upon pre-trial detention on new charges to automatically, without committing any jail infractions, or abusing such rights, privileges, and liberties, be deprived of certain important constitutional protection such as the complete ban on intimate association in personal visitation with family and friends along with the complete ban on placing phone calls to family and friends and the complete ban on the possession of personal photographs of family and friends which are all cognizable claims for violations of the First and Fourteenth Amendments.
>
> . . .
>
> First, Eighth, and Fourteenth Amendment violations in coming to jail as a pretrial detainee and automatically being forced to endure the cruel, unusual, harshly restrictive conditions of confinement set forth in numbers 1, 2, and 3 supra of plaintiff's statement of claim section, especially for long durations coupled with plaintiff's serious mental illness, in which are not reasonably related to a legitimate governmental objective, but are arbitrary, purposeless, excessive, and aimed at causing mental anguish, physical and psychological torture, and serves no other purpose but punishment.

Dkt. No. 16 at 4-5. The plaintiff also claims that the Jails' refusal to allow him to review and challenge the rejection of mail and publications violates his

constitutional rights. Id. at 5. The plaintiff seeks monetary damages, declaratory relief, and injunctive relief.

## II. Discussion

The plaintiff contends that he should not have been placed in punitive segregation on January 20, 2016, because he reentered the jail on new charges. As far as the court can tell, the plaintiff received notice and an opportunity to be heard, i.e., due process, when he first received the segregation and/or loss of recreation dispositions. Dkt. No. 15 at 8-10. The plaintiff does not allege in his amended complaint that he did not receive due process relative to any disciplinary disposition. Rather, he alleges that his release from the Jail should have cancelled the dispositions such that when he reentered the Jail he should not have had to finish serving them.

Contrary to the plaintiff's assertions, and as explained in the court's order screening his original complaint, due process requires that the Jail give the plaintiff notice and the opportunity to be heard before it imposes disciplinary sanctions in the first place. Id. at 6; see also Higgs v. Carver, 286 F.3d 437, 438 (7th Cir. 2002). Due process does not require that if the plaintiff is fortunate enough to be released before he's served his full segregation sanction, and then unfortunate enough to go back to the Jail, the Jail has to give him another hearing before it can make him finish serving the sanction it already imposed. Dkt. No. 15 at 6; see also Pearson v. Ramos, 237 F.3d 881, 886 (7th Cir. 2001). The court will not allow the plaintiff to proceed on a due process claim based on the Jail's Policy 12d-5(g).

5

The plaintiff also claims that his prolonged punitive segregation and loss of recreation dispositions exacerbate his mental health issues. In addition, he claims that the conditions of confinement in segregation violate his constitutional rights. The plaintiff already is proceeding on these claims in another case, Jacobs v. Rhode, Case No. 15-cv-167-WED,[2] which was filed a year before he filed this one. A plaintiff cannot proceed on identical claims in two different cases before two different judges. This court will not allow him to proceed on these claims in this case; he may continue to pursue these claims in case no. 15-cv-167.

That leaves the plaintiff's claim related to the Jail's alleged policy of refusing to let the plaintiff review his incoming mail before it was returned to the sender. These allegations are separate from the plaintiff's segregation allegations, and they implicate the Constitution. See Van den Bosch v. Raemisch, 658 F.3d 778, 785-86 (7th Cir. 2011). But the plaintiff has not identified any defendants involved with this claim. The court will provide him the opportunity to file a second amended complaint, *limited to this claim only*, naming the defendant(s) who were personally involved in this claim.

### III. Conclusion

The court **ORDERS** that the plaintiff may file a second amended complaint, as described above, on or before **August 9, 2016**. If the plaintiff

---

[2] In that case, the plaintiff is proceeding on claims based on the defendants' alleged deliberate indifference to his mental health needs and conditions of confinement claims. He alleges that he was subjected to prolonged confinement in punitive segregation and loss of recreation dispositions because of the Jail's policy he challenges in this case. See Jacobs v. Rhode, Case No. 15-cv-167-WED, Dkt. No. 12 at 3-8 (E.D. Wis.).

6

does not file a second amended complaint by August 9, 2016, the court will dismiss this case on the next business day without further notice or hearing.

Dated in Milwaukee, Wisconsin this 18th day of July, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge