UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

AARON L. JACOBS, JR.,

                Plaintiff,

v.                                        Case No. 16-cv-246-pp

CPL. WEED, LT. HALASI,
LT. S. TIMRECK,
D. OLSON, LT. P. STEFFEN,
K. BARKLEY, CORPORAL LANGAN,
R. LONGSINE, CPL. SMITH,
and LT. H. MICHEL,

                Defendants.

**DECISION AND ORDER SCREENING SECOND AMENDED COMPLAINT UNDER 28 U.S.C. § 1915A (DKT. NO. 18) AND DENYING REQUEST TO APPOINT COUNSEL (DKT. NO. 19)**

On July 18, 2016, the court screened the first amended complaint pursuant to 28 U.S.C. §1915A. Dkt. No. 17. The court determined that the plaintiff's claim that the Brown County Jail's alleged policy of refusing to let the plaintiff review his incoming mail before it was returned to the sender was sufficient to state a claim upon which relief could be granted. Id. at 6; see also Van den Bosch v. Raemisch, 658 F.3d 778, 785-86 (7th Cir. 2011). Because the plaintiff did not identify any defendants involved with this claim, however, the court provided the plaintiff an opportunity to file a second amended complaint, naming the defendant(s) who were personally involved in the claim. Dkt. No. 17 at 6. On August 8, 2016, the plaintiff filed his second amended complaint. Dkt. No. 18.

1

In the second amended complaint, the plaintiff alleges that Brown County Jail officials, pursuant to Jail policy, failed to provide him with incoming mail, and returned the mail to the sender, on four separate occasions. Dkt. No. 18 at 3-5. Specifically, he alleges that defendants "MC," K. Barkley (on two occasions), and R. Longsine rejected his mail and returned it to the sender without providing notice to the plaintiff. Id. The plaintiff alleges that he filed an inmate complaint related to each incident. Defendants Cpl. Weed, Lt. P. Steffen, Cpl. Langan, and Cpl. Smith dismissed the plaintiff's grievances as unfounded. The plaintiff appealed the dismissals of his grievances. Defendants Lt. Halasi, Lt. Timreck, and Lt. Michel upheld the dismissals on appeal. Id.

The court finds that the plaintiff may proceed on his claims under the First Amendment against the defendants who rejected his mail: defendants MC, Barkley and Longsine. The plaintiff may not proceed against the Brown County Jail officials who dismissed his inmate grievances and upheld the dismissals on appeal, because those officials did not have any personal involvement in the incidents. See George v. Smith, 507 F.3d 605, 609–10 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the [constitutional] violation."); see also Burks v. Raemisch, 555 F.3d 592, 595-96 (7th Cir. 2009). Accordingly, the court will dismiss defendants Weed, Langan, Smith, Steffen, Halasi, Timreck, and Michel. Finally, the complaint does not contain any allegations against defendant Olson and, the court will dismiss Olson.

2

On November 3, 2016, the court received a letter from Gerald Jackson, writing on behalf of the plaintiff. Dkt. No. 19. The letter indicated that the plaintiff had been representing himself up to that point, but that he wouldn't be able to do that any longer. Mr. Jackson explained that the plaintiff had made some suicide attempts, and the Brown County Jail personnel had removed all of his legal papers and writing materials as a result. Mr. Jackson told the court that the plaintiff has been moved to the Mendota Mental Health facility. Id. at 1-2. For all of these reasons, Mr. Jackson asked, on the plaintiff's behalf, that the court appoint a lawyer to represent him. Two weeks later, Mr. Jackson sent another letter, telling the court that the plaintiff had returned to the Brown County Jail. Dkt. No. 20.

In a civil case, the court has discretion to decide whether to recruit a lawyer for someone who cannot afford one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). First, however, the person has to make a reasonable effort to hire private counsel on their own. Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007). After the plaintiff makes that reasonable attempt to hire counsel, the court then must decide "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." Navejar, 718 F.3d at 696 (citing *Pruitt*, 503 F.3d at 655). To decide that, the court looks, not only at the plaintiff's ability to try his case, but also at his ability to perform other "tasks that normally attend litigation," such as "evidence gathering" and "preparing and responding to motions." Id.

The court understands that the plaintiff has been pursuing his claims under difficult circumstances—Mr. Jackson indicates that the plaintiff has attempted suicide, that he's lost (perhaps temporarily) the use of his legal papers and materials, and that he's been moved twice. But in order for the court to consider appointing counsel to represent the plaintiff, it needs more information. It needs to know whether he has tried to find a lawyer on his own. He can provide that information by giving the court a list of the names of any attorneys he has tried to hire. The court also needs to know whether the plaintiff is under suicide watch now, and whether he has had his legal papers returned to him at Brown County. The court does not have the resources to appoint a lawyer to everyone who asks—not even to every inmate, even though litigating a case is difficult when one is incarcerated, isnt' legally trained, and does not have any money.

The court will deny the plaintiff's request to appoint counsel at this time. The next step in the process is for the defendants to file their answer to the complaint. Once they've done that, the court will set a schedule for the parties to exchange information about the plaintiff's claims. If, at any point in the future, the plaintiff still feels that he needs the assistance of counsel, and he provide the court with the information the court requests, the court will consider his request at that time.

The court **ORDERS** that the second amended complaint is the operative complaint in this action. Dkt. No. 18.

The court **DISMISSES** defendants Weed, Langan, Smith, Steffen, Halasi, Timreck, Michel and Olson.

4

The court **DENIES WITHOUT PREJUDICE** the plaintiff's request to appoint counsel. Dkt. No. 19.

The court **ORDERS** that the United States Marshal shall serve a copy of the second amended complaint (Dkt. No. 18) and this order upon the defendants pursuant to Federal Rule of Civil Procedure 4. The court advises the plaintiff that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

The court **ORDERS** that the defendants shall file a responsive pleading to the second amended complaint.

Dated at Milwaukee, Wisconsin this 19th day of December, 2016.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge