UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

AARON L. JACOBS, JR.,

        Plaintiff,

v.                                    Case No. 16-cv-246-pp

KERRI BARKLEY and
ROBERTA LONGSINE,

        Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY (DKT. NO. 35), GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF DISCOVERY DEADLINE (DKT. NO. 42), GRANTING PLAINTIFF'S MOTION TO WITHDRAW THIRD AMENDED COMPLAINT (DKT. NO. 44), GRANTING PLAINTIFF'S MOTION TO FILE AMENDED COMPLAINT (DKT. NO. 45), DENYING PLAINTIFF'S MOTION TO CERTIFY CLASS AND APPOINT CLASS COUNSEL (DKT. NO. 46), DIRECTING THAT THE PROPOSED THIRD AMENDED COMPLAINT (DKT. NO. 45-1) IS THE OPERATIVE COMPLAINT IN THIS CASE, AND DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DKT. NO. 49)**

---

Plaintiff Aaron L. Jacobs, Jr. is confined at the Brown County Jail, and is representing himself. On December 19, 2016, the court screened the second amended complaint, and allowed the plaintiff to proceed on a First Amendment claim based on allegations that the defendants, under Brown County Jail policy, failed to provide him with incoming mail, and returned the mail to the sender, on four separate occasions. Dkt. No. 22 at 2. In this order, the court addresses the plaintiff's motions to amend the complaint, to certify class and appoint class counsel, to compel, and for extension of the discovery deadline.

1

I.   Plaintiff's Motions to Amend the Complaint

On April 18, 2017, the plaintiff filed a motion to amend the complaint, and filed with it a proposed third amended complaint. Dkt. Nos. 33, 33-1. About forty-five days later, he filed a request to withdraw the motion and the third amended complaint. Dkt. No. 44. The court will grant the plaintiff's request to withdraw his April 18, 2017 motion to amend and the third amended complaint.

On June 5, 2017, the plaintiff filed another motion to amend the complaint, again accompanied by a proposed third amended complaint. Dkt. Nos. 45, 45-1. In this motion, he asks to add four defendants and a claim related to the Brown County Jail's mail policy. (On the same date, the plaintiff also filed a motion for class certification and appointment of class counsel. Dkt. No. 46. The court will address these latter applications in the next section.) The defendants oppose the plaintiff's motion, contending that the plaintiff unjustifiably delayed in filing the motion. Dkt. No. 57 at 2.

A district court should freely give leave to amend a complaint when justice requires. Fed. R. Civ. P. 15(a)(2); Indep. Trust Corp. v. Stewart Info. Servs. Corp., 665 F.3d 930, 943 (7th Cir. 2012); Johnson v. Cypress Hill, 641 F.3d 867, 871-72 (7th Cir. 2011). "[W]hile a court may deny a motion for leave to file an amended complaint, such denials are disfavored." Bausch v. Stryker Corp., 630 F.3d 546, 562 (7th Cir. 2010). A district court may deny leave to file an amended complaint in the case of undue delay, bad faith or dilatory motive on the part of the movant; repeated failure to cure deficiencies by amendments

previously allowed; undue prejudice to the opposing party by virtue of allowance of the amendment; or where the amendment would be futile. Hukic v. Aurora Loan Servs., 588 F.3d 420, 432 (7th Cir. 2009); Arreola v. Godinez, 546 F.3d 788, 796 (7th Cir. 2008).

The proposed third amended complaint is consistent with the plaintiff's second amended complaint. He seeks to add two instances of alleged mail rejection, four defendants, a Monell claim against Brown County and a new due process claim. Dkt. No. 45-1. Specifically, the plaintiff alleges that Brown County Jail officials, under jail policy, failed to provide him with incoming mail, and returned the mail to sender without notice, on six separate occasions: (1) June 13, 2013 (defendants Shartner and Von Haden); (2) February 19, 2014 (defendant Barkley); (3) February 25, 2014 (defendant Olson); (4) February 27, 2014 (defendant Barkley); (5) February 9, 2015 (defendant Longsine); and (6) February 26, 2017 (defendant Kopidlansky). Id. at 1-4. The plaintiff also seeks to add a claim based on allegations that the jail's custom of a "Returned Mail Spreadsheet"—by which every piece of mail, item or publication ever denied and returned to sender is logged—violated his rights under First and Fourteenth Amendments. Id. at 2-3.

The court disagrees with the defendants' contention that the plaintiff unnecessarily delayed in asking to amend the complaint. A review of the plaintiff's filings over the several months preceding the motion shows that he has been diligently litigating this case. The court screened the second amended complaint on December 19, 2016. The plaintiff filed his initial April 18, 2017,

3

motion to amend prior to the close of discovery, then sought an extension of time to complete discovery because the defendants didn't timely respond to his discovery requests.[1] After seeking to withdraw his April 18, 2017 motion to amend, the plaintiff filed the instant motion to amend—an improvement on the former because it doesn't include any Doe defendants. Even if the plaintiff had "unduly delayed" in filing the motion, "delay on its own is usually not reason enough for a court to deny a motion to amend." See Johnson, 641 F.3d at 872.

The court also finds that allowing the plaintiff to file the amended complaint will not prejudice the defendants. Although the defendants filed a motion for summary judgment on June 23, 2017 (which the court will deny without prejudice), the proposed third amended complaint is based on the same set of facts as the second amended complaint. Should the defendants decide to renew their summary judgment motion, their work will not have been in vain.

The court will grant the plaintiff's motion to amend the complaint. He may proceed on his First Amendment claims against the individual defendants based on the six mail rejection incidents. The plaintiff also may proceed on a Monell claim against Brown County, based on allegations that the jail's policy at the time was to reject the mail and return it to the sender without notice.

---

[1] As explained in the discussion of the plaintiff's motion to compel discovery, the defendants acknowledge that they didn't timely respond to some of the plaintiff's discovery requests and, in response to the plaintiff's motion to compel, they offered to extend the discovery deadline.

The court does not, however, see a plausible Fourteenth Amendment claim based on these allegations. The court also doesn't see a plausible claim based on the plaintiff's allegations related to the "Returned Mail Spreadsheet," on which jail staff allegedly logged at least 70,730 pieces of inmate mail that were denied and returned to the senders between January 1, 2004, and May 18, 2017.

The court advises the plaintiff that it will not grant any more motions for leave to file amended complaints.

Once the defendants have answered the third amended complaint, the court will issue a scheduling order setting deadlines for the completion of discovery and for filing dispositive motions.

II. <u>Plaintiff's Motion for Class Certification and Appointment of Class Counsel</u>

The plaintiff has filed a motion for class certification and appointment of class counsel. Dkt. No. 46. He seeks proceed on his third amended complaint on behalf of all current and former Brown County Jail inmates affected by the jail's policies of rejecting and returning mail to the sender, as well as its "Returned Mail Spreadsheet" log. The defendants oppose the motion. Dkt. No. 57 at 4-7. They contend that the plaintiff hasn't satisfied the numerosity, commonality and typicality requirements of class certification. <u>Id.</u>

When determining whether to certify a class, the court first must find that the plaintiff meets the requirements of Federal Rule of Civil Procedure 23(a): (1) the class is so numerous that joinder of all members is impracticable

(numerosity); (2) there are questions of law or fact common to the class (commonality); (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class (typicality); and (4) the representative parties will fairly and adequately protect the interests of the class (adequacy of representation). Fed. R. Civ. P. 23(a).

The plaintiff argues that he has satisfied the first three elements, and he requests appointment of counsel to satisfy the class representative element. The court will focus on the class representation prong.

Under Fed. R. Civ. P. Rule 23(a)(4), the person appointed as the representative plaintiff must provide adequate representation for the putative class members. Because of this requirement, courts repeatedly have declined to allow *pro se* prisoners to act as the class representative in a class action case. See Howard v. Pollard, 814 F.3d 476, 478 (7th Cir. 2015); see also, Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding that it would be plain error to permit imprisoned *pro se* litigant to represent his fellow inmates in a class action); Caputo v. Fauver, 800 F. Supp. 168, 169-70 (D. N.J. 1992) ("Every court that has considered the issue has held that a prisoner proceeding *pro se* is inadequate to represent the interests of his fellow inmates in a class action."). See also, Fymbo v. State Farm Fire and Casualty Co., 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others."). Because the plaintiff is representing himself, he cannot adequately represent the proposed class, and

thus he cannot show all four pre-requisites for class certification. The court will deny the motion to certify the class.

With regard to the plaintiff's request for the appointment of counsel: in a civil case, the court has discretion to decide whether to recruit a lawyer for someone who cannot afford one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). First, however, the person has to make a reasonable effort to hire private counsel on his own. Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007). After the plaintiff makes that reasonable attempt to hire counsel, the court must decide "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." Navejar, 718 F.3d at 696 (citing Pruitt, 503 F.3d at 655). The court looks, not only at the plaintiff's ability to try his case, but also at his ability to perform other "tasks that normally attend litigation," such as "evidence gathering" and "preparing and responding to motions." Id.

The plaintiff states that he has unsuccessfully attempted to find an attorney on his own; the court deems his attempts "reasonable." Dkt. No. 46 at 3. The plaintiff's filings demonstrate, however, that he can adequately litigate his own claims at this stage of the proceedings. That is, he can conduct discovery and engage in pre-trial motion practice. Perhaps more to the point—fifteen months after filing his case, the plaintiff has filed a class certification motion (a rather sophisticated request), and he is asking the court to find an attorney to represent the class. The court is denying the plaintiff's motion to

certify the class, and thus the court will not appoint an attorney to represent a class the court has not certified. See Howard, 814 F.3d at 478-79. At this point, the plaintiff may proceed on his own and litigate his own claims.

   III.   Plaintiff's Motion to Compel and Motion for Extension of Time

On May 3, 2017, the plaintiff filed a motion to compel discovery. Dkt. No. 35. He seeks an order compelling the defendants to fully answer his February 25, 2017 interrogatories, requests for admissions and request for production of documents. Id. At the time the plaintiff filed this motion, the defendants had responded to the plaintiff's request for admissions, but the plaintiff asserts that they denied the requests for invalid reasons. Dkt. No. 36 at 1. The defendants had not responded to the plaintiff's other discovery requests when the plaintiff filed his motion to compel. He contends that the defendants waived their objections by failing to fully and timely respond to his discovery requests. Id. at 2.

In their response, the defendants assert that the plaintiff's motion is moot, because they have provided the plaintiff with answers to his interrogatories and production of documents along with their May 24, 2017 response to the plaintiff's motion to compel. Dkt. No. 40 at 1. The defendants acknowledge that their responses were tardy, but assert that they had good cause for the delay and that the delay shouldn't be deemed a waiver of their valid objections. Id. They agree in advance to an extension of the deadline for the completion of discovery to account for the delay. Id. at 3. The defendants also state that they rightfully objected to the plaintiff's requests for admissions,

because terms key to answering the admissions were so undefined, vague and overbroad that they couldn't answer the admissions without further explanation or qualification. Id. at 2.

The defendants have responded to the plaintiff's requests for admissions. The court finds that they appropriately objected to, and answered, the plaintiff's requests. See Dkt. No. 37-1 at 14-17. With respect to the responses to the plaintiff's interrogatories and request for production of documents, the court cannot find that the defendants acted in bad faith by filing to respond, or that their tardiness was prejudicial to the plaintiff. The court will not waive the defendants' objections, and it will deny the plaintiff's motion to compel.

IV. Defendants' Motion for Summary Judgment

On June 23, 2017, the defendants filed a motion for summary judgment. Dkt. No. 49. Based on the court's decision granting the plaintiff's motion to file a third amended complaint, the court will deny without prejudice the plaintiff's motion for summary judgment. The court notes that, if the defendants review the third amended complaint and conclude that it does not require any changes in their motion for summary judgment, the defendants may renew the motion for summary judgment, rather than writing new briefs.

V. Conclusion

The court **DENIES** the plaintiff's motion to compel discovery. Dkt. No. 35.

The court **GRANTS** the plaintiff's motion for extension of discovery deadline, *nunc pro tunc* to the date the defendants provided the plaintiff with the last round of discovery. Dkt. No. 42.

The court **ORDERS** that if the defendants believe they need to conduct additional discovery as a result of the third amended complaint, they may, at the time they file their response to the third amended complaint, ask the court to set discovery deadlines.

The court **GRANTS** the plaintiff's motion to withdraw his first motion to file a third amended complaint (dkt. no. 33), and **GRANTS** his motion to withdraw the complaint he filed along with that motion (dkt. no. 33-1). Dkt. No. 44.

The court **GRANTS** the plaintiff's second motion to file an amended complaint. Dkt. No. 45.

The court **DENIES** the plaintiff's motion to certify class and appoint class counsel. Dkt. No. 46.

The court **ORDERS** that the proposed third amended complaint, dkt. no. 45-1, is the operative complaint in this case.

The court **ORDERS** that the United States Marshal shall serve a copy of the third amended complaint (dkt. no. 45-1) and this order on the new defendants under Federal Rule of Civil Procedure 4. Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not

made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

The court **ORDERS** that the defendants shall file a responsive pleading to the third amended complaint.

The court **DENIES WITHOUT PREJUDICE** the defendants' motion for summary judgment. Dkt. No. 49.

Dated in Milwaukee, Wisconsin this 13th day of October, 2017.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**