UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

AARON L. JACOBS, JR.,

              Plaintiff,

v.                                                     Case No. 16-cv-246-pp

BROWN COUNTY, ROBERTA LONGSINE,
C. SHARTNER, J. VON HADEN,
KERRI BARKLEY, and T. KOPIDLANSKY,

              Defendants.

## ORDER DENYING PLAINTIFF'S LETTER MOTION FOR RECONSIDERATION/RENEWED MOTION TO APPOINT COUNSEL AND MOTION FOR AN EXTENSION OF TIME (DKT. NO. 85) AND EXTENDING DEADLINE FOR PLAINTIFF TO RESPOND TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

On June 15, 2018, the court issued an order denying the plaintiff's motion for an extension of time to conduct discovery, denying without prejudice his third motion to appoint counsel, denying his motion for an extension of time to file a motion for summary judgment and extending until July 27, 2018 the deadline for the plaintiff to respond to the defendants' motion for summary judgment. Dkt. No. 84.

Almost two months later, the court received a letter from the plaintiff. Dkt. No. 85. The letter says that on June 30, 2018, he was taken into custody on allegations of a domestic dispute with his girlfriend (he says he is innocent as to those allegations). Id. at 1. He said that he was representing himself on the charge, because the Menominee tribal courts do not require appointed lawyers for pretrial detainees. Id. He also said that he didn't have access to a law library. Id. The plaintiff explained that all his legal paperwork for this case

was at his girlfriend's house, but that the tribal court had issued a no-contact order prohibiting him from having contact with his girlfriend. Id. He said that he hadn't been able to contact his girlfriend through third parties "or any other way," so he couldn't get his paperwork. Id. He indicated that included in the paperwork were all his discovery materials and documents. Id. The tribal court had set a cash bail of $5,000, which the plaintiff said he couldn't post, and his trial date was scheduled for December 19, 2018. Id. at 1-2. The letter asked the court to appoint a lawyer to represent him, and to reconsider "this motion to extend the sum. jgmnt deadline and appointment of counsel." Id. at 2.

The defendants filed a response, first noting that the plaintiff's letter was dated July 25, 2018, "only two days before the extended deadline to respond to Defendants' motion for summary judgment on July 27, 2018 . . . ." Dkt. No. 89 at 1. They argued that the plaintiff had not explained why he waited until two days before the deadline to write this letter (despite the fact that he was taken into custody on June 30, 2018, almost a month before the July 27, 2018 deadline), and that he had not provided any law giving the court the authority to do what he asks the court to do. Id. at 1-2. They pointed out that the court already has denied three motions to appoint counsel, and that the plaintiff had not provided any information showing why the court should appoint counsel for him at this point. Id. at 2. The defendants acknowledged that the plaintiff's latest incarceration "was unforeseen," but argued that the incarceration did not constitute a new or exceptional circumstance warranting modification of the

2

court's June 15, 2018 order. Id. at 5. The defendants also argued that the plaintiff's lack of access to "certain case files is frustrating, but does not change his ability to litigate his case." Id. at 5-6. The defendants asked the court to deny the plaintiff's letter motion to reconsider, and also asked the court to grant their motion for summary judgment because the plaintiff has not filed a timely response. Id. at 7.

The court received the plaintiff's motion on August 6, 2018. Dkt. No. 85. On August 8, 2018, the court received a change-of-address notice from the plaintiff, reflecting his new address as a P.O. box in Kashena. The court can only assume that somehow, despite his expectation that he would not get out until after his December trial, the plaintiff has been released.

The court construes the plaintiff's letter as a motion to reconsider the court's June 15, 2018 order (dkt. no. 84). There is no federal rule of civil procedure that allows a party to ask a court to "reconsider" a decision. Fed. R. Civ. P. 59(a) allows a party to ask a court to alter or amend a *judgment*, if the party makes the request within twenty-eight days after the court enters the judgment. That rule doesn't apply here, because the court has not entered judgment. Fed. R. Civ. P. 60(b) allows a court to "relieve a party . . . from a final . . . order" for several reasons: (1) mistake, inadvertence, surprise or excusable neglect, (2) newly discovered evidence that couldn't have been discovered in time to move for a new trial, (3) fraud, misrepresentation or misconduct by the opposing party, (4) the judgment is void, (5) the judgment has been satisfied, or

3

(6) "any other reason that justifies relief." The only one of these reasons that could apply under these circumstances is the last one—"any other reason that justifies relief."

The plaintiff's explanation that he was back in custody and couldn't get to his discovery materials and legal papers due to the no-contact order is not a reason that justifies that the court reconsider its denial of his motion to appoint counsel. If the tribal court's no-contact is still in effect, and if it still prohibits the plaintiff from contacting his girlfriend through third parties, then even if the court appointed an attorney, the attorney would not be able to contact the plaintiff's girlfriend, because his attorney would be a "third party." If that is the only reason the plaintiff seeks a lawyer, it would be of no use for the court to appoint one. The court has explained to the plaintiff before that it believes he is able to handle his case on his own; his filings are clear and easy for the court to understand. The court will deny the plaintiff's request to reconsider its denial of his motion to appoint counsel.

The court also will deny the plaintiff's request that it reconsider its denial of his motion to extend the deadline for filing a summary judgment motion. The deadline for the parties to file their summary judgment motions was April 2, 2018. On May 7, 2018, the court received from the plaintiff a motion (which he dated April 1, 2018) asking the court to extend that deadline, arguing that he was in the tribal jail and did not have access to a law library, did not have money for supplies and was not allowed to work on his papers unless he was

4

by himself. Dkt. No. 81. The court denied that motion as untimely, noting that the plaintiff had dated it the day before the summary judgment deadline, despite knowing that he'd have to mail his motion to the court. Dkt. No. 84 at 5. The court certainly will not reverse that decision six months later, based on events that happened *after* the court made its decision.

That leaves the defendants' request that the court deem the plaintiff to have admitted the defendants' proposed findings of fact, and that it grant summary judgment in their favor because the plaintiff has not responded to their motion. The defendants understandably are frustrated. This case has dragged on for over twenty-two months since the defendants filed their answer to the second amended complaint. A good portion of that delay is the court's responsibility. But some of it was caused by the plaintiff's request, two months after the court issued its first scheduling order, to file a third amended complaint and by his filing of a flurry of motions. The defendants filed their motion for summary judgment on April 2, 2018, which meant that the plaintiff should have responded by May 2, 2018 or so. Instead of responding, the plaintiff filed a motion asking the court to extend the deadline for *him* to file a summary judgment motion, and as the court noted, it received that motion on May 7, 2018—*after* the plaintiff's response to the defendants' motion was due. Even though the plaintiff had not asked it to, the court extended the deadline for the plaintiff to respond to the defendants' summary judgment motion until July 27, 2018, because of his claims that being in the tribal jail made it hard

5

for him conduct the litigation. It appears that the plaintiff was out of custody for a short while—the court received a change of address notice on June 13, 2018, six weeks before the deadline for him to respond to the summary judgment motion—which means he likely had been out for a while before he sent the notice. But just over two weeks later—just shy of a month before the response deadline—he was arrested and placed back into custody. He waited over three weeks, until July 25, 2018, to tell the court this, and to ask for reconsideration. And it now appears that he is out again, but he has not responded to the defendants' motion for summary judgment.

In an abundance of caution, and understanding that the plaintiff has been representing himself, the court considers the possibility that when the plaintiff asked the court to extend the "sum. jgmnt deadline," he meant to ask the court to extend the deadline for him to respond to the defendants' motion for summary judgment. While the court understands the defendants' frustration, it is going to give the plaintiff one last chance to respond to their motion, given the fact that the plaintiff appears to be out of custody at this point. If, however, the plaintiff does not respond to the defendants' motion for summary judgment by the deadline the court has set below, the court will proceed without input from the plaintiff.

The court **DENIES** the plaintiff's motion for reconsideration/renewed motion to appoint counsel and motion for an extension of time. Dkt. No. 85.

The court **ORDERS** that the plaintiff shall respond to the defendants' motion for summary judgment in time for the court to receive his response by the end of the day on **January 25, 2019**. If the plaintiff files a response by that date, the defendants either may file their reply within the time set in the scheduling order, or request additional time (a request the court will grant). If the plaintiff does not file a response in time for the court to receive it by the end of the day on January 25, 2019, the court may either dismiss the case for the plaintiff's failure to diligently pursue it under Civil Local Rule 41(c) (E.D. Wis. 2010) and Federal Rule of Civil Procedure 41(b), or may deem the defendants' facts undisputed and rule on the summary judgment motion without the plaintiff's input.

Dated in Milwaukee, Wisconsin this 17th day of December, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**