UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

AARON L. JACOBS, JR.,

        Plaintiff,

v.                                           Case No. 16-cv-246-pp

BROWN COUNTY, C. SHARTNER,
J. VON HADEN, D. OLSON,
K. BARKLEY, R. LONGSINE, and
T. KOPIDLANSKY,

        Defendants.

---

### ORDER DISMISSING CASE FOR FAILURE TO DILIGENTLY PURSUE IT UNDER CIVIL L.R. 41(C)

---

Plaintiff Aaron L. Jacobs, Jr., who is representing himself, was incarcerated at Brown County Jail when he filed this lawsuit under 42 U.S.C. §1983. Dkt. No. 1. The court ultimately allowed the plaintiff to proceed on First Amendment claims against defendants C. Shartner, J. Von Haden, D. Olson, K. Barkley, R. Longsine, and T. Kopidlansky for returning the plaintiff's mail to the sender without allowing him an opportunity to review and challenge the rejection. Dkt. No. 22 at 5. The court later allowed the plaintiff to proceed on a Monell claim against Brown County based on his assertion that the Brown County Jail had a policy of rejecting mail and returning it to the sender without giving any notice to the inmate. Dkt. No. 61 at 5.

On April 2, 2018, the defendants moved for summary judgment. Dkt. No. 70. The deadline for the plaintiff to respond to that motion was May 2, 2018, as required under Civil Local Rule 56(b)(2). The court did not receive a

1

response from the plaintiff by that date. On May 7, 2018—over a month after the deadline for filing summary judgment motions had passed—the court received from the plaintiff a motion asking the court to extend the deadline for him to file a summary judgment motion, indicating that he had been reincarcerated in a tribal jail with limited resources. Dkt. No. 81. The court denied that request as untimely and noted that the plaintiff had dated it April 1, 2018, the day *before* the summary judgment deadline, despite knowing that he'd have to mail it to the court. Dkt. No. 84 at 5. Because the plaintiff had claimed that being in tribal jail made it hard for him to conduct litigation, however, the court gave the plaintiff a deadline of July 27, 2018 to file a response to the defendants' motion for summary judgment. Id. at 6.

On June 13, 2018, the court received from the plaintiff a change-of-address form, indicating that his new address was on County Highway VV in Keshena, Wisconsin. The court received this notice six weeks before the deadline for the plaintiff to file his response to the defendants' motion for summary judgment. Even though it appears that the plaintiff had been released from custody and was living in the community, he again failed to file a response to the defendants' motion by the deadline the court had set.

On August 6, 2018—ten days after the plaintiff's response to the summary judgment motion was due—the court received a letter from him, indicating that he had been taken into custody on June 30, 2018. Dkt. No. 85. The plaintiff dated the letter July 25, 2018—two days before his response to the summary judgment motion was due; it appears that he waited over three weeks after being taken into custody to send the letter. Id. The letter asked the court to reconsider its June 15, 2018 order denying his request for an

2

extension of time and the appointment of counsel. Dkt. No. 85. He asserted he was reincarcerated, his court restrictions prohibited his access to his legal material, and he didn't anticipate being released until December 19, 2018. Id. at 1-2.

Only three days after the court received this letter from the plaintiff, it received another change-of-address notice, listing a P.O. Box in Keshena as his address. The court construed the plaintiff's July 25, 2018 letter as a motion for reconsideration of its June 15, 2018 order, analyzed that request under Rule 60(b) of the Federal Rules of Civil Procedure and denied the motion. Dkt. 91 at 6. At the end of its order, the court stated that it would not reconsider its denial of the plaintiff's motion for counsel because the appointment would be futile. Id. at 4. It stated that it would not, six months after it had denied the plaintiff's motion for an extension of time to file a motion for summary judgment, reconsider that decision based on events that happened after the court made the decision. Id. at 5. The court construed the plaintiff's request for an extension of time as a request for more time to file his response to the defendants' motion for summary judgment, and extended that deadline to January 25, 2019. Id. at 6-7. The court warned the plaintiff that if he did not comply with the court's order and file his responsive materials by the January 25, 2019 deadline, the court "may either dismiss the case for the plaintiff's failure to diligently pursue it under Civil Local Rule 41(c) (E.D. Wis. 2010) and Federal Rule of Civil Procedure 41(b), or may deem the defendants' facts undisputed and rule on the summary judgment motion without the plaintiff's input." Id. at 7.

It has been almost a month since the deadline for the plaintiff to respond to the defendants' motion for summary judgment has passed. The plaintiff has not filed his response. He has not notified the court of any change of address. He has not communicated with the court at all since the court received last address-change notice on August 9, 2018. The court will dismiss the case for the plaintiff's failure to diligently pursue it. See Civ. L.R. 41(c) (E.D. Wis.).

The defendants have asked the court to dismiss the case with prejudice. Dkt. No. 92. Local Rule 41(c) allows the court to dismiss a case with or without prejudice. The plaintiff has had over nine months to respond to the defendants' motion for summary judgment, and despite the court extending the deadline over and over, has not done so. Dismissal with prejudice is appropriate.

The court **ORDERS** that this case **DISMISSED WITH PREJUDICE** for the plaintiff's failure to diligently pursue it. Civil L.R. 41(c) (E.D. Wis.). The plaintiff may petition for reinstatement of his case within twenty-one (21) days of the date of this order.

Dated at Milwaukee, Wisconsin, this 25th day of February, 2019.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**